EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among **REMTECH, INC.**, a dissolved Washington corporation ("Remtech"); **DAVID ORKNEY**, individually ("Orkney"); **JOHN G. L. HOPKINS**, individually ("Hopkins"); and **ROY ROSE**, individually ("Rose"); **EQUIPMENT FINANCE PARTNERS, a division of ALTEC CAPITAL SERVICES, LLC** ("Altec") and their respective subsidiary, parent, and affiliated companies or organizations, agents, employees, representatives, servants, officers, directors, attorneys and assigns. (Remtech, Orkney, Hopkins, and Rose are hereinafter collectively referred to as the "Remtech Defendants.") This Agreement is effective June 14, 2012 regardless of the date of actual execution.

NOW THEREFORE, in consideration of the covenants and conditions contained herein, the parties hereto agree to settle Thurston County Superior Court Cause No. 08-2-02822-1, styled *Equipment Finance Partners, a division of Altec Capital Services, LLC v. Atlas Pacific, LLC, et al* (the "Altec Lawsuit") as follows:

1. **Payment**. The Remtech Defendants, through their liability insurer, American International Specialty Lines Insurance Company n/k/a Chartis Specialty Insurance Company ("AISLIC"), agree to pay Altec, within sixty (60) days of AISLIC's receipt of the Settlement Coverage Agreement (defined in section 5 herein), provided AISLIC has also received a copy of this fully executed Agreement by that time, a total of U.S. Four Hundred Thousand Dollars and no cents ($400,000.00) (the "Settlement Payment") by delivering to Altec's counsel – Foster Pepper PLLC, Attn: Deborah A. Crabbe, 1111 Third Avenue, Seattle, WA 98101 – a check in the amount of the Settlement Payment payable to Equipment Finance Partners, a division of Altec Capital Services, LLC.  Tax Id. No. ----------------. It is further understood that the Settlement Payment constitutes the full and final payment that will be received by Altec from the Remtech Defendants, or its insurer(s), for the settlement of the Altec Lawsuit. or the coverage litigation initiated by AISLIC against REMTECH, WILSON, ORKNEY, HOPKINS, ROSE and ALTEC in the United States District Court for the District of Oregon under case number 3:11-CV-00093- AAA.

ROSE DECLARATION
EXHIBIT A
Page 1

51226933.7

EXHIBIT 15

2.  **Wilson Bankruptcy**. Jeffrey D. Wilson ("Wilson") filed a bankruptcy petition in United States Bankruptcy Court District of Oregon on April 6, 2010 under case number 10-32861-rld7 (the "Bankruptcy Case"), which stayed all matters against Wilson in the Altec Lawsuit and the Coverage Lawsuit pursuant to 11 U.S.C. § 362 and extinguished any personal liability of Wilson in the Altec Lawsuit in accordance with Wilson's 11 U.S.C. § 727 discharge entered by the Court on July 8, 2010. Wilson's property interest in the Policies, however, remains valid and unaffected by the Bankruptcy Case. To the extent any liability of Wilson for the Altec Lawsuit survived Wilson's 11 U.S.C. § 727 discharge, Altec hereby agrees to release and forever discharge Wilson from any such liability.

3.  **Release**. Altec, on the one hand, and the Remtech Defendants, on the other hand, agree to release and forever discharge one another from any and all claims, demands, damages, liabilities and causes of action of whatever nature now existing or which may hereafter arise, known or unknown, relating to or arising out of the facts alleged, transactions involved, and/or claims asserted in the Altec Lawsuit.

4.  **Release of Coverage Claims Including Wilson Insurance Claims**. The parties acknowledge that they intend to execute a separate settlement agreement between and among them concerning any claims for coverage (defense, indemnity, extra-contractual) under certain insurance policies issued by AISLIC and specifically a Commercial General Liability and Professional Liability Policy No. 1364772 with the policy period of September 30, 2005 through September 30, 2006, and renewed for the policy period of September 30, 2006 through September 30, 2007, and a Commercial Umbrella Liability Policy No. PROU0791151 for the policy period of September 30, 2005 to September 30, 2006, and renewed for the policy period of September 30, 2006 through September 30, 2007, to Remtech, Inc. ("the Policies"), and including a lawsuit concerning coverage in the United States District Court for the District of Oregon (the "Coverage Settlement Agreement"), the validity of which is acknowledged and which, in the event of any purported inconsistency between this Agreement and the Coverage Settlement Agreement, the Coverage Settlement Agreement, controls as to matters between and among the parties to that Agreement. The Coverage Settlement Agreement will provide, among other things, that Altec agrees to release and forever discharge any claims it may have against

*ROSE DECLARATION
EXHIBIT A
Page 2*

any insurance policies in which Wilson retains a property interest, including but not limited to any claim Altec may have under the Policies.

5. **No Claim for Attorneys' Fees**. This Agreement is further intended to and does release, acquit, and forever discharge any and all claims between the Remtech Defendants and Altec for attorney fees or other expenses which might exist with regard to the Altec Lawsuit.

6. **Stipulation and Order of Dismissal with Prejudice**. Within 10 business days after delivery of the Settlement Payment to Altec's counsel as set forth in paragraph 1 herein, the Altec Lawsuit shall be dismissed with prejudice and without an award of costs to any party. Counsel for Altec shall draft and circulate for execution, and ultimately file, required stipulated dismissal pleadings for the Altec Lawsuit. Counsel for Altec shall be responsible for ensuring that all parties receive a conformed copy of the Order of Dismissal.

7. **Confidential Agreement**. This AGREEMENT, and all of the terms and information contained herein, all of the negotiations leading to it, all of the communications generated pursuant to it, and implementation hereof (collectively, "CONFIDENTIAL COMPROMISE MATERIALS") shall be kept strictly confidential and shall not be disclosed to any person, corporation, or other entity not a party to this agreement, except: (a) as required by law; (b) in response to a judicial order compelling disclosure or as may otherwise be required by law or may be necessary to defend or assert claims by or against any party hereto in a judicial proceeding; (c) to any regulator, administrative agency, or governmental agency; (d) to reinsurers of Remtech's insurers, if any; (e) to subsidiary, affiliate, associated or parent companies of the parties and their counsel; (f) to any company engaged to make payments on behalf of Remtech; or, (g) to auditors, counsel, or as required for financial reporting purposes.

8. **No Transfer of Claims**. Each of the undersigned, including those signing on behalf of an entity, expressly warrants he or she or the entity represented has not assigned or otherwise transferred to any other party or third-party any right released under this Agreement, or any right to receive payment for the claims described herein which are the subject of this Agreement. To the extent that any other party successfully asserts any such right as a result of the claims, the signing party whose rights that other party purports to own and assert will hold the other signing parties harmless.

ROSE DECLARATION
EXHIBIT A
Page 3

51226933.7

9. **No Other Consideration**. No additional promise or release has been made as consideration for this Agreement and the signing hereof has not been induced by any representations of any of the parties released, or by anyone on their behalf concerning the nature, extent or duration of the injuries or damages sustained or any other matter.

10. **No Admission of Liability**. The Remtech Defendants have denied liability, at least in part, concerning the claims asserted in the Altec Lawsuit, and the payment called for in this Agreement is made without admission of any kind and is received in discharge, compromise, resolution and satisfaction of all actions, claims and demands heretofore described.

11. **Binding Effect**. This Agreement shall bind and inure to the benefit of the signing parties and any affiliated corporations, successors, assigns, reinsurers, employees, representatives, agents, officers, directors, and attorneys.

12. **Severability**. So long as payment of the consideration agreed to herein is unaffected, the provisions of this Agreement are to be considered as severable, and in the event that any provision is held to be invalid or unenforceable, the Remtech Defendants and Altec. intend that the remaining provisions will remain in full force and effect to the extent possible and in keeping with the intent of the parties hereto.

13. **Governing Law and Venue**. This Agreement is governed by and construed under the laws of the State of Washington and should it become necessary to enforce this Agreement the parties hereto agree such dispute shall be submitted to attorney Louis D. Peterson of Seattle, Washington, for resolution by binding and final arbitration. If such relief is sought, the parties to the Agreement further agree that the substantially prevailing party in any such action shall be entitled to recoup, from the non-prevailing party, all of its litigation costs, attorneys' fees, arbitration fees, and other reasonable expenses associated with any such relief.

14. **Final Agreement**. This Agreement represents the entire full and final agreement and understanding between and among the parties hereto. The undersigned specifically declare that it is their expressed intention to include within the scope of this Agreement any and all claims and rights to recover against one another for injuries, damages or losses, past, present or future, whether known or unknown by the undersigned at the present time that were or could

EXHIBIT A
ROSE DECLARATION
Page 4

51226933.7

have been asserted in the Altec Lawsuit. The terms and conditions of this Agreement supersede the terms of any prior agreements or understandings, express or implied, written or oral.

15. **Execution in Counterparts**. This Agreement may be executed in counterparts and by facsimile transmittal of signatures between the attorneys for the parties hereto. This Agreement may not be amended except in written form signed by all parties hereto.

16. **Authority to Execute**. The undersigned have authority to sign on behalf of the party they purport to represent, have carefully read this entire Agreement, and have had the opportunity to consult with counsel concerning the subject matter of this Agreement. The undersigned have been fully and completely advised by counsel, know the contents hereof and sign this Agreement voluntarily and of their own individual free will, personally understanding all consequences and effects.

EXHIBIT A
ROSE DECLARATION
Page 5

51226933.7

IN WITNESS WHEREOF, the undersigned has set his/her hand effective the day as written above.

**REMTECH, INC.**

By: _____

Printed Name: _____

Its: _____

**DAVID ORKNEY**

By: _____
David Orkney, Individually

**JOHN G.L. HOPKINS**

By: _____
John G.L. Hopkins, Individually

**ROY ROSE**

By: _____
Roy Rose, Individually

**EQUIPMENT FINANCE PARTNERS, INC. A DIVISION OF ALTEC CAPITAL SERVICES, LLC**

By: _____

Printed Name: _____

Its: _____

*EXHIBIT A*
*ROSE DECLARATION*
*Page 6*

51226933.7